UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4643

RUFUS HENRY NICHOLS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-97-273)

Submitted: May 28, 1999

Decided: July 12, 1999

Before ERVIN, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assis-
tant Federal Public Defender, Greensboro, North Carolina, for Appel-
lant. Walter C. Holton, Jr., United States Attorney, Sandra J. Hairston,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rufus Henry Nichols appeals from his conviction and sentence for possession of crack cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1994). Citing United States v. Anders, 386 U.S. 738 (1967), Nichols' attorney has filed a brief certifying that there are no meritorious issues for appeal, but presenting as a possible issue the inclusion in Nichols' criminal history score of a state court conviction, pursuant to a guilty plea, for which Nichols received a prayer of judgment continued. Nichols has filed a pro se supplemental brief arguing this issue and asserting that he should receive credit for time served in state custody for conduct related to the instant offense. We affirm.

Our review of the record and relevant law leads us to conclude that the contested state conviction was properly counted in calculating Nichols' criminal history score. See U.S. Sentencing Guidelines Manual §§ 4A1.2(a)(3), 4A1.2(a)(4), 4A.12(f) (1997). Additionally, although 18 U.S.C.A. § 3585(b) (1994), provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences," this section "does not authorize a district court to compute the credit at sentencing." United States v. Wilson, 503 U.S. 329, 334 (1992). Rather, it is the Attorney General, through the Bureau of Prisons, who must compute and award such credit. See id. at 334-35.

Pursuant to Anders, this court has reviewed the record for potential error and has found none. We therefore affirm Nichols' sentence and conviction. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

2

move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We deny counsel's pending motion to withdraw, deny Nichols' motion for appointment of alternative counsel, and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3